United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID SANSON, and<br>TRENT SANSON<br>Defendant. | Case No. 25-cr-00090-YGR (ASK)<br>**ORDER DENYING MOTION TO PERMIT REVIEW OF ALLEGED MARITAL COMMUNICATIONS BY THE PROSECUTION TEAM**<br>Re: Dkt. No. 53 |

This criminal case presents the question of whether government investigators should have presumptive access to confidential marital communications that defense counsel have identified as such. Well-established precedents dictate that the answer to that question is no.

As part of the criminal investigation that preceded this action, the United States obtained via search warrants iPhone and iCloud account data for Defendants David and Trent Sanson. Dkt. 53 (Mot.) at 3. Post-indictment, the Court approved a protocol governing how the government reviews that data, with a focus on data that might be protected by the attorney-client privilege or the attorney work product doctrine. Dkt. 57 (Opp'n) at 3. This protocol provides: (1) that the government produce to Defendants' counsel a copy of the data that it received via search warrant, (2) that Defendants' counsel may assert privilege over specific files or documents via privilege log, and (3) that the Government will respect that assertion of privilege until there has been a judicial determination of that assertion. *Id.*; *see* Dkt. 24 at 2.[1] Pursuant to the protocol, defense

[1] Defendants make much of the fact that the government, by bringing the instant motion, has failed to follow certain details of the protocol. The Court rejects that view. The protocol was established to address assertions of attorney-client privilege and attorney work product. Neither party appears to have contemplated assertions of the marital communications privilege. The government has nevertheless honored Defendants' privilege assertion. Under these circumstances, the government's filing of a motion to clarify the treatment of a category of privilege assertion that was not contemplated at the time of the protocol is entirely appropriate.

counsel asserted privilege over communications between each Defendant and his wife. Mot. at 4. The United States has moved the Court to order the release of "all spousal communications" from the government's filter team to its prosecution team. *Id.* at 9. For the reasons set forth below, the Court DENIES the government's motion.

For purposes of this dispute, federal common law governs claims of privilege. *See* Fed. R. Evid. 501. The basis for the privilege assertion at issue is the marital communications privilege. Opp'n at 1. That privilege "protects statements or actions that are intended as confidential communications between spouses, made during the existence of a valid marriage." *United States v. Fomichev*, 899 F.3d 766, 771 (9th Cir. 2018), *opinion amended on denial of reh'g*, 909 F.3d 1078 (9th Cir. 2018) (citation omitted). Under the privilege, "[m]arital communications are presumptively confidential[,] [and] the government has the burden of demonstrating that they are not." *United States v. Marashi*, 913 F.2d 724, 730 (9th Cir. 1990). The privilege is distinct from another related to marriage, the spousal testimonial privilege, which "can be invoked to prevent one spouse from testifying against the other." *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir. 1980).

The United States would have the Court hold that the marital communications privilege cannot be asserted "outside of the trial context." Mot. at 9. It frames the privilege as applying only to trial testimony and contends that there is "no legal basis to expand the spousal privilege doctrine from two distinct narrow bases to preclude trial testimony by a spouse, to a tool to blanket deny the prosecution access to the communications in the first instance." *Id.* at 2.

The government's position fundamentally misunderstands the function of the marital communications privilege, which is "to prevent the disclosure of confidential communications."[2]

[2] Indeed, the government's effort to frame the marital communications privilege as functionally and doctrinally interchangeable with the spousal testimonial privilege is misguided—and proves too much. The spousal testimonial privilege might plausibly be called a "narrow bas[i]s to preclude trial testimony" (Mot. at 2), as the Supreme Court has significantly narrowed its reach relative to that of its common law predecessor so that only the witness-spouse, not the accused, may invoke the privilege—with the result that the witness-spouse "may be neither compelled to testify nor foreclosed from testifying." *Trammel v. United States*, 445 U.S. 40, 51–53 (1980). The marital communications privilege, on the other hand, has undergone no such narrowing and rests on entirely separate grounds. *See id.* at 51; *see also S.E.C. v. Lavin*, 111 F.3d 921, 925 (D.C. Cir. 1997) (summarizing how in *Trammel* "the Court reaffirmed the significance of the confidential marital communications privilege and its important role in protecting the marital relationship"



United States District Court
Northern District of California

*Lefkowitz*, 618 F.2d at 1317–18. Contrary to the government's framing, the privilege attaches to the confidential communications themselves, not a spouse's trial testimony. *See id.* It would therefore make little sense for the protection afforded those communications to have force only at trial, as the government would have the Court hold. Mot. at 9; *see* Fed. R. Evid. 1101(c) ("The rules on privilege apply to all stages of a case or proceeding."). Nor is the policy that justifies the privilege trial-specific: "The law safeguards the confidentiality of marital communications not because it fails to recognize the risk that such a privilege could be misused to obstruct justice, but because . . . privacy is regarded as so essential to the preservation of the marriage relationship as to outweigh the disadvantages to the administration of justice which the privilege entails." *Fomichev*, 899 F.3d at 772 (internal citations and quotation marks omitted).

Given these considerations, it is unsurprising that leading cases contemplate the application of the marital communications privilege in non-trial settings. *See, e.g.*, *Blau v. United States*, 340 U.S. 332, 333–34 (1951) (enforcing the privilege in the context of grand jury proceedings); *S.E.C. v. Lavin*, 111 F.3d 921, 934–35 (D.C. Cir. 1997) (enforcing the privilege in the context of contesting a subpoena); *United States v. Griffin*, 440 F.3d 1138, 1143–45 (9th Cir. 2006) (considering whether letters from a prisoner to his wife disclosed to an adverse party during an investigation were protected by the marital communications privilege and finding that they were not where California regulations provided that outgoing nonconfidential mail may be read by prison authorities)[3]; *Lefkowitz*, 618 F.2d at 1317–19. In *Lefkowitz*, for example, the Ninth Circuit analyzed whether information provided by affidavit and forming the basis of search warrant applications was protected by the marital communications privilege. *Lefkowitz*, 618 F.2d at 1317–19. The Court of Appeals found that the material in question was not privileged because it was all

even as it limited the application of the spousal testimonial privilege).

[3] In its Reply, the government criticizes Defendants' presentation of *Griffin* as an "egregious misrepresentation." Dkt. 59 (Reply) at 3–4. But Defendants' characterization of the case is unobjectionable. *Compare* Opp'n at 7 *with Griffin*, 440 F.3d at 1144. In any event, the government's assertion that "the Ninth Circuit did not assume [in *Griffin*] that marital communications were protected from disclosure to an adverse party during an investigation" is somewhat undermined by the Ninth Circuit's having stated there that "we will assume that a recording or document containing a confidential marital communication is protected from disclosure to an adverse party during an investigation." Reply at 4; *Griffin*, 440 F.3d at 1144.

United States District Court
Northern District of California

either not confidential or not communicative. *Id.* As Defendants correctly point out, this "analysis would have been unnecessary under the Government's view that the privilege has no application before trial." Opp'n at 8.

Nor do any of the government's other cited authorities establish that the marital communications privilege is inapplicable before trial or that government prosecutors are entitled to view facially privileged material. The Court finds compelling Defendants' arguments for discounting cases arising out of suppression motions—which by their *post hoc* nature do not involve the question the Court faces here of whether prosecutors may obtain presumptively privileged material that they *do not yet have access to*. Opp'n at 8–9. The cases the government cites in which a spouse volunteered the material in dispute are likewise inapposite, as Defendants here have asserted privilege over material attained via search warrant, not voluntarily supplied. *See* Mot. at 5–7. And cases applying the spousal testimonial privilege as well as cases declining to honor the marital communications privilege in situations involving waiver, exceptions, or failures to satisfy the elements of the privilege are obviously inapposite.

Finally, the government's arguments with respect to burden are unpersuasive. *See* Mot. at 9. The question of how privilege teams ought to be set up in the future is not before the Court, and the Court need not resolve it, as the material at issue here has already been flagged by defense counsel and is not yet in the possession of the government's prosecution team, pursuant to the preexisting filter protocol. *See* Mot. at 3–4.

//

//

//

//

//

//

//

//

//

United States District Court
Northern District of California

Ultimately, the government has not even attempted to show that these presumptively confidential materials are not in fact confidential, nor that the privilege protecting them has been waived, nor that an exception to the privilege applies. Accordingly, the Court rejects the government's position that its prosecution team is entitled to view facially privileged material. The Motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 14, 2026

AJAY KRISHNAN
United States Magistrate Judge